FILED

2007 Aug-28  PM 12:16
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **JAMES COXSWELL and** | ] | |
| **DONALD STEWART,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| **v.** | ] | **CV-07-BE-0728-S** |
| | ] | |
| **ANNISTON-CALHOUN COUNTY FORT** | ] | |
| **MCCLELLAN DEVELOPMENT JOINT** | ] | |
| **POWERS AUTHORITY, an** | ] | |
| **unincorporated nonprofit and** | ] | |
| **intergovernmental association, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### CONSOLIDATED WITH

| | | |
|---|---|---|
| **JAMES COXSWELL and** | ] | |
| **DONALD STEWART,** | ] | |
| | ] | |
| **Plaintiff,** | ] | |
| | ] | **CV-07-BE-771-S** |
| **v.** | ] | |
| | ] | |
| **ANNISTON-CALHOUN COUNTY** | ] | |
| **FORT MCCLELLAN** | ] | |
| **DEVELOPMENT JOINT POWERS** | ] | |
| **AUTHORITY, an unincorporated** | ] | |
| **nonprofit and intergovernmental** | ] | |
| **association, et al.,** | ] | |
| | ] | |
| **Defendants.** | ] | |

### MEMORANDUM OPINION

Before the court are Plaintiffs' Motion to Remand (doc. 2) filed in CV-07-BE-728-S;

Plaintiffs' Motion to Remand (doc. 2) filed in CV-07-BE-771-S; and Defendant Fink's Motion to

File Supplemental Brief (doc. 10) filed in CV-07-BE-771-S.  The court GRANTS Defendant

Fink's motion and accepts his supplemental brief.  The court has carefully reviewed the parties'

briefs regarding Plaintiffs' motions to remand.  Based on a review of the record and the relevant

legal and statutory authorities, the court concludes that Plaintiffs' complaint does not implicate

federal law as necessary for the exercise of jurisdiction by this court.  Consequently, the court

hereby GRANTS Plaintiffs' motions to remand.

## I.  BACKGROUND

This lawsuit arises from Defendant Anniston-Calhoun County Fort McClellan

Development Joint Powers Authority's ("JPA") decision to sell twenty-seven acres of property at

Fort McClellan.  The acreage was originally marked for demolition, but in February 2006 the

JPA Board of Directors voted to place the twenty-seven acre area on the market.  The JPA ran a

single newspaper advertisement on May 7, 2006, seeking proposals for Fort McClellan property

that was available for redevelopment, but did not identify specific available areas.

On May 24, 2006, Defendant Jeff Fink, a former member of the JPA Board of Directors

and current member of the Anniston City Council, submitted a proposal to purchase the twenty-

seven acres and twenty-three multiplex townhouses at Fort McClellan for $405,000.  Fink

estimated a further capital investment of $4,270,400, bringing the total value of his offer to

$4,675,400. Because of Fink's connections to the JPA and City of Anniston, the JPA sought an

opinion from the Alabama Ethics Commission regarding the propriety of entertaining Fink's

proposal in June 2006.

After learning that the acreage had been removed from the demolition list, Plaintiffs

Coxswell and Stewart submitted a proposal substantially greater than Fink's.  On August 16,

2006, Plaintiffs offered to purchase the twenty-seven acres and ten buildings at Fort McClellan

for $600,000.  At the JPA's request, Plaintiffs supplemented their proposal on August 28, 2006,

identifying $4,368,320 in renovation plans and a new development investment of $1,500,000, for

a total value of approximately $6,540,000.  The JPA Board of Directors subsequently voted in

closed session to accept Fink's prior lower offer.

The complaint, as amended, contains six counts.  Plaintiffs allege that the JPA Board of

Directors conspired with Fink to effectuate the sale; failed to fulfill its duties under state law,

including a consent order; failed to properly advertise the availability of the property; failed to

provide adequate notice to the public; conspired with Fink to effectuate sale of the property; and

wrongfully accepted Fink's inferior offer and proposal.  Based on these allegations, Plaintiffs

bring the following causes of action:

Count I.    Declaratory judgment that JPA provided neither proper notice nor fair
opportunity to the general public regarding sale of the property; JPA failed to
follow proper procedures for the advertisement and sale of the property; JPA's
process was arbitrary, capricious, and a violation of due process under
Alabama law; and the property should be sold to the highest bidder.

Count II.   Negligent, wanton, and/or willful conduct by failing to carry out JPA's duties
and responsibilities.

Count III.  Fraudulent conduct under section 6-5-101 of the Alabama Code.

Count IV.  Conspiracy to commit the alleged acts.

Count V.    Declaratory judgment that "JPA does not legally exist and lacks the legal
authority to administer or transfer title to the property at Fort McClellan."

Count VI.  Declaratory judgment that JPA "is subject to and governed by all laws of the
State of Alabama, including competitive bid laws, the Alabama Land Sales
Act, and all other laws governing and applicable to public entities,
departments, and divisions."

Plaintiffs seek compensatory and punitive damages, attorneys' fees and costs, and injunctive

relief.

Defendant Fink filed a notice of removal in federal court, which was assigned case

number CV-07-BE-728-S; all Defendants then removed the case to federal court, which was assigned a new case number of CV-07-BE-771-S.  Upon Defendants' motion, and because these two case numbers reflect the same civil action, the court consolidated the cases on August 28, 2007.

Defendants removed the case primarily on the basis that the JPA received title to the land at issue from the Secretary of Defense as a Local Redevelopment Authority under the Defense Base Closure and Realignment Act of 1990 ("BRAC").  Defendants argue that Plaintiffs "seek, essentially, to invalidate the Secretary's official act of transferring the land to the JPA." Plaintiffs moved to remand both cases.  In response to Plaintiffs' motions to remand, Defendants argue that removal is also proper under 28 U.S.C. § 1442(a)(1), which permits federal officials, or persons acting under their authority, to remove a case relating to any act under color of federal law.  Finally, Defendants argue that removal is proper under 28 U.S.C. § 1442(a)(2), which provides for removal by a defendant whose title to property derives from a federal officer, "where such action . . . affects the validity of any law of the United States."

## II.  FEDERAL REMOVAL JURISDICTION

Federal courts are courts of limited jurisdiction and are "empowered to hear only those cases within the judicial power of the United States as defined by Article III of the Constitution." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 1994) (citing *Univ. of S. Ala. v. Amer. Tobacco Co.*, 168 F.3d 405, 409 (11th Cir. 1999)).  The court must, therefore, make an early independent jurisdictional assessment and, if necessary, dismiss or remand – even *sua sponte* – any claims that fall outside of the court's subject matter jurisdiction.

Generally, the federal district courts have jurisdiction over cases "arising under the

Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.[1]  To invoke federal question jurisdiction, a genuine controversy must exist regarding the federal law in question, and must be presented on the face of the complaint.  *See Gully v. First Nat'l Bank*, 299 U.S. 109, 112 (1936); *see also Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for So. Cal.*, 463 U.S. 1, 9-10 (1983).  The vast majority of cases falling within such federal-question jurisdiction arise under federal law that creates a cause of action.  *See Jairath v. Dyer*, 154 F.3d 1280, 1282 (11th Cir. 1998).  However, in limited circumstances, federal question jurisdiction may exist where a substantial, disputed question of federal law is a necessary element of a state cause of action.  *Id*. at 1282 (citing *City of Huntsville v. City of Madison*, 24 F.3d 169, 171-72 (11th Cir. 1994)); *see also Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808-09 (1986).

Statutes allowing for removal from state court are construed narrowly, and uncertainties about the district court's jurisdiction are resolved in favor of remand.  *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *see also Pacheco de Perez v. AT & T Co.*, 139 F.3d 1368, 1373 (11th Cir. 1998).  The proponent of removal bears the burden of showing proper federal jurisdiction. *See Leonard v. Enterprise Rent-A-Car*, 279 F.3d 967, 972 (11th Cir. 2002); *Pacheco*, 139 F.3d at 1373.  Determinations about federal jurisdiction require sensitive judgments about congressional intent, judicial power, and the federal system.  *Jairath*, 154 F.3d at 1283 (citing *Merrell Dow*, 478 U.S. at 810).

A complaint alleging the violation of a federal statute as an element of a state cause of action does not necessarily state a claim arising under the laws of the United States when Congress has created no private, federal cause of action for the violation of federal law.  *See Merrell Dow*, 478 U.S. at 817; *cf. Jairath*, 154 F.3d at 1282 (noting that *if* a substantial question

---

[1]  No one contends that any basis exists for diversity jurisdiction under 28 U.S.C. § 1332.

of federal law forms a necessary element of a state cause of action, federal jurisdiction *may* be implicated).  Likewise, a mere reference to a federal statute under a state law claim does not create federal question jurisdiction.  *See Hill v. Marston*, 13 F.3d 1548, 1550-52 (11th Cir. 1994).

In *Hill*, the plaintiffs filed a suit in state court alleging violations of state securities statutes.  However, the complaint did not allege the violation of any federal statute; it merely alleged that the defendant had violated standards established by federal law.  The defendants removed to federal district court.  The Court of Appeals reversed the district court's refusal to remand because the mere reference in the complaint to federal securities statutes did not make the claim one arising under the laws of the United States.  The Court emphasized that the plaintiffs' right depended almost entirely on state laws regarding negligence, breach of contract, and the sale of securities, rather than on any federal law.  *Hill*, 13 F.3d at 1549-50.

Similarly, in *Jairath v. Dyer*, 154 F.3d 1280 (11th Cir. 1998), the Court reversed the district court's refusal to grant the plaintiff's motion to remand.  There, the plaintiff sued a physician in Georgia for refusing to perform an elective procedure when he discovered that the plaintiff was HIV positive.  Georgia law created a cause of action for the recovery of damages in cases where a defendant  breached any legal duty, regardless of whether the law creating that duty provided for a cause of action.  The plaintiff alleged that the physician had breached a legal duty created by the federal Americans with Disabilities Act ("ADA").  In reversing the district court, the Court of Appeals noted that, whereas the plaintiff's case arose under a state law cause of action, the vast majority of federal question cases arise under federal law creating a cause of action.  The Court also noted that Congress had created no private cause of action for damages under the ADA.  *Jaraith*, 154 F.3d at 1281-82.  Further, the Court of Appeals relied on the Supreme Court's reasoning in *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804 (1986), that

a state law claim containing an element related to a federal issue does not "automatically confer federal-question jurisdiction." *Jaraith*, 154 F.3d at 1282 (citing *Merrill Dow* 478 U.S. at 813).

*Merrell Dow* involved a state cause of action for the breach of a federal duty not to misbrand pharmaceutical products. Though federal law created a legal duty not to misbrand, it did not create a private cause of action against manufacturers who did so. The Supreme Court held that removal of the state court action to federal court was improper because Congress had not determined that a private, federal cause of action exists for violation of the federal law. *Merrell Dow*, 478 U.S. at 817. Like the Supreme Court in *Merrell Dow*, the Court of Appeals in *Jairath* concluded that where a federal law created no private cause of action, federal question jurisdiction did not arise from a state law creating a cause of action for the breach of a duty under that federal law. *Jaraith*,154 F.3d.at 1284.

Conversely, in *Ayres v. General Motors Corp.*, 234 F.3d 514, 518-19 (11th Cir. 2000), the Court of Appeals found that federal question jurisdiction existed because the plaintiffs' state cause of action under Georgia's RICO statute depended on the actual showing of a violation of the federal RICO statute as a necessary predicate act to a violation of the state statute. However, the court also noted that not every case arising under Georgia's RICO statute with the violation of a federal law as a predicate act would create federal question jurisdiction. The court explained that the particular controversy might make the case an exceptional one involving "a federal question substantial enough to confer federal question jurisdiction." *Ayres*, 234 F.3d at 519 (citing *City of Huntsville v. City of Madison*, 24 F.3d 169 (11th Cir. 1994)).

Neither the Supreme Court nor the Eleventh Circuit Court of Appeals has created a bright-line rule regarding the exercise of federal jurisdiction over state cases involving the interpretation of federal law. However, the courts seem to require that a plaintiff's claim be

dependent upon a federally-created cause of action rather than merely mention a federal law.  *See Hill*, 13 F.3d at 1550-52.

While Plaintiffs' claims in this case <u>*may*</u> implicate the *interpretation* of federal law, they do not allege that the JPA has violated a federal statute as part of their cause of action.  Indeed, the BRAC does not provide a private cause of action for violation of its provisions.  Instead, Plaintiffs' claims are based on state law requirements that exist independently of the mechanism by which JPA received title to the property.  The court does not agree with Defendants that Count V implicates the *validity* of BRAC; rather, Count V involves a question of whether JPA was properly created and received title – at most an *interpretation* of BRAC.  That is, the court need only review whether BRAC's provisions were followed – not whether they are valid.  Further, Plaintiffs' claims do not even rise to the level of those in *Jairath* and *Merrell Dow*, because they do not allege the breach of a federal duty.  The plaintiffs in *Jairath* and *Merrell Dow* relied on the existence of a duty under federal law as an element of their state law claims, and federal jurisdiction did *not* exist in those cases.  Here, Plaintiff asserts only that Defendants have breached *state* duties, and not that the BRAC or any other federal law required JPA to act differently.  *See Bus. Alliance for Responsible Dev. v. Storm Water Mgmt. Auth., Inc.*, 462 F. Supp. 2d 1186 (N.D. Ala. 2006) (reaching same conclusion, based on same reasoning, in analogous case).

Defendants' arguments that they properly removed this case under 28 U.S.C. §§ 1442(a)(1) and 1442(a)(2) fail for similar reasons.  Compliance or noncompliance with federal laws, rules, and regulations is not itself "acting under" a federal "official" sufficient to fall within the scope of section 1441(a)(1), even if the private firm's activities are highly supervised and monitored.  *See Watson v. Philip Morris Cos.*, 127 S. Ct. 2301, 2308 (2007).  Plaintiffs do not

allege that JPA has violated BRAC, and JPA's potential defense that it is complying with BRAC is insufficient under the federal officer removal statute.  Likewise, the rarely-invoked title dispute statute at section 1442(a)(2) applies only where the action "affects the validity of [a federal] law."  *See Faulk v. Owens-Corning Fiberglass Corp.*, 48 F. Supp. 2d 653, 669 (E.D. Tex. 1999) (recognizing that the invocation of section 1442(a)(2) requires an attack on the validity of a federal law).  As discussed above, Plaintiffs' claims do not implicate the *validity* of BRAC.  Therefore, this case could not be properly removed under 28 U.S.C. §§ 1441, 1442(a)(1), or 1442(a)(2), and Plaintiffs' motions to remand are GRANTED.

### III.  CONCLUSION

The Defendants in this case have failed to meet their burden of showing that federal jurisdiction is proper.  Given the preference for remand where federal jurisdiction is uncertain, deference must be given to Plaintiffs' right to control the complaint.  Accordingly, pursuant to 28 U.S.C. § 1447(c), this case is remanded to the Circuit Court of Calhoun County, Alabama.  A separate order will be entered contemporaneously with this opinion.

DONE and ORDERED this 28th day of August 2007.

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE